

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F B T  PRODUCTIONS, LLC and
EIGHT MILE STYLE, LLC,

        Plaintiffs,

v

EMusic com and GAME
RECORDING,

        Defendants
_____/

00-72730

Case No JOHN CORBETT O'MEARA

Hon
MAGISTRATE JUDGE MORGAN



U S. DIST COURT CLERK
EAST DIST, MICH
DETROIT
2000 JUN 16  P 4: 01
FILED

Hertz, Schram & Saretsky, P C
By    Howard Hertz (P26653)
       Eric A  Michaels (P57114)
Attorney for Plaintiffs
1760 South Telegraph Road, Suite 300
Bloomfield Hills, Michigan 48302
(248) 335-5000
_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Now come the plaintiffs, F B T  Productions, LLC ("F B T ") and Eight Mile Style,

LLC ("Eight Mile Style"), by and through their attorneys, Hertz, Schram & Saretsky,

P C , and for their causes of action against the above-named defendants, state as

follows

### JURISDICTION AND VENUE

1    This case arises under the Copyright Act of 1976, 17 U S C  §§101, <u>et</u>

<u>seq</u>  (the "Copyright Act") and other related causes of action

2    This Court has exclusive jurisdiction over this matter pursuant to 28

LAW OFFICES HERTZ  SCHRAM & SARETSKY, P C

U S C §1338(a) and original jurisdiction under 28 U S C §1331  This Court also has jurisdiction pursuant to 28 U S C §1338(b), and under its supplemental jurisdiction over pendent claims

3    Venue is proper pursuant to 28 U S C §1400

## PARTIES

4    F B T is a Michigan limited liability company with its principal place of business in the State of Michigan

5    Eight Mile Style is a Michigan limited liability company with its principal place of business in the State of Michigan

6    The defendant, Emusic com, is, and was at all pertinent times, a Delaware corporation with its principal place of business in the State of California

7    The defendant, Game Recording, is, and was at all pertinent times, a New York corporation with its principal place of business in the State of New York

## BACKGROUND AND FACTS

8    F B T and Eight Mile Style are engaged in the business of creating, composing, producing, distributing, publishing and marketing music

9    Both F B T and Eight Mile Style have agreements with Marshall Bruce Mathers, III, p/k/a Eminem ("Eminem") granting them his exclusive services

10    F B T has an exclusive artist recording agreement ("Recording Agreement") with Eminem, granting it the exclusive rights to Eminem's recording services

11    Eight Mile Style has an exclusive songwriting agreement ("Songwriting

2

Agreement') with Eminem, granting it the exclusive rights to Eminem's songwriting services and the exclusive right to license the underlying compositions

12    Recently, Emusic com, an internet website providing digital audio transmissions and music downloads for sale, released a compilation compact disc entitled "E Music The Extreme Collection" (the "Collection") on its website  See printed copy of relevant web page attached as Exhibit "1"

13    Two master recordings included on the Collection  (1) "Nuttin' To Do - Bad Meets Evil" and (2) "Trife Thieves - Bazaar" (the "Subject Work") were both written in part by Eminem and contain the performance of Eminem

14    Neither F B T  nor Eight Mile Style granted Emusic com the right to release, sell or permit digital audio transmissions of the recordings or compositions of Eminem

15    No license has been granted by FBT or Eight Mile Style to Emusic com with respect to the recordings or underlying compositions

16    Emusic com claims to rely upon a third party license granted by Game Recording  See letter and license agreement attached as Exhibit "2"  This reliance is misplaced and wrong as Game Recording does not have, and never had, the right to grant any such license

17    The release and distribution of the Subject Work is in violation of the United States Copyright Act of 1976, as amended, including, but not limited to, 17 U S C §§106, 114 and 115

18    Plaintiff's forwarded Emusic com a cease and desist letter on March 8,

3

2000   See letter attached as Exhibit "3"   Despite the letter, Emusic com continues to market, distribute, sell and digitally transmit copies of the Collection

### COUNT I - COPYRIGHT INFRINGEMENT - RECORDING SERVICES

19   The plaintiffs incorporate by reference paragraphs 1 through 18 of this complaint as if fully realleged and restated herein

20   F B T is the owner of or otherwise licenses all rights, title, and interest in Eminem's recording services

21   The defendants, by having released, sold, distributed and otherwise disseminated, including digital audio transmissions of,   the Subject Work, i e recordings of Eminem, or by authorizing others to sell, distribute or otherwise disseminate the Subject Work, have infringed F B T 's copyright in the recordings

22   Infringing downloaded songs and digital audio transmissions were sold and continue to be sold throughout the world, including a substantial number of infringing copies which were sold and continue to be sold in the State of Michigan

23   Defendants actions are in direct violation of F B T 's exclusive rights under §§106 and 114 of the Copyright Act to do and to authorize others to do the following acts

A   To reproduce the copyrighted works in copies or phonorecords, and

B   To distribute copies, phonorecords and digital audio transmissions of the copyrighted works to the public

24   The defendants Emusic com and Game Recording have collected and will continue to collect income from selling the recordings throughout the United States and

LAW OFFICES   HERTZ, SCHRAM & SARETSKY, P C

4

the world which rightfully belong to F B T

25      The defendants have collected and will continue to collect gains, profits, advantages and benefits which were derived from the wrongful acts of infringement and other related unlawful acts, but which rightfully belong to F B T

26      As a result of the foregoing activity, defendants are liable to F B T for willful copyright infringement   17 U S C  §501

27      F B T has no adequate remedy at law for defendants' wrongful conduct in that (i) F B T 's copyrights are unique and valuable property which have no readily determinable market value, (ii) the infringement by defendants constitutes an interference with F B T 's goodwill and contractual relationships, and (iii) defendants' wrongful conduct, and the damages resulting to F B T. therefrom, is continuing Defendants' acts of copyright infringement have caused F B T irreparable injury and defendants threaten to continue to commit these acts   Accordingly, F B T is entitled to injunctive relief pursuant to 17 U S C  §502, and to an order under 17 U S C  §503 that the infringing recordings be impounded and destroyed

## COUNT II - COPYRIGHT INFRINGEMENT - WRITING SERVICES

28      The plaintiffs incorporate by reference paragraphs 1 through 27 of this complaint as if fully realleged and restated herein

29      Eight Mile Style is an owner of and licenses all rights, title and interest in Eminem's songwriting services

30      The defendants by having released, sold, distributed and otherwise disseminated the Subject Work, i e, the compositions of Eminem or by authorizing

5

others to sell, distribute or otherwise disseminate the compositions of Eminem, have infringed Eight Mile Style's copyright in the writings and underlying compositions

31     Infringing downloaded songs and digital audio transmissions were sold and continue to be sold throughout the world, including a substantial number of infringing copies which were sold and continue to be sold in the State of Michigan

32     Defendants actions are in direct violation of Eight Mile Style's exclusive rights under §§106 and 115 of the Copyright Act to do and to authorize others to do the following acts

> A     To reproduce the copyrighted works in copies or phonorecords, and
>
> B     To distribute copies, phonorecords or digital audio transmissions containing the copyrighted compositions to the public

33     The defendants Emusic com and Game Recording have failed to obtain compulsory licenses for the sale of the Subject Work throughout the United States and the world

34     The defendants have collected and will continue to collect gains, profits, advantages and benefits which were derived from the wrongful acts of infringement and other related unlawful acts, but which rightfully belong to Eight Mile Style

35     As a result of the foregoing activity, defendants are liable to Eight Mile Style for willful copyright infringement   17 U S C §501

36     Eight Mile Style has no adequate remedy at law for defendants' wrongful conduct in that (i) Eight Mile Style's copyrights are unique and valuable property which

have no readily determinable market value, (ii) the infringement by defendants constitutes an interference with Eight Mile Style's goodwill and contractual relationships, and (iii) defendants' wrongful conduct, and the damages resulting to Eight Mile Style therefrom, is continuing  Defendants' acts of copyright infringement have caused Eight Mile Style irreparable injury and defendants threaten to continue to commit these acts  Accordingly, Eight Mile Style is entitled to injunctive relief pursuant to 17 U S C §502, and to an order under 17 U S C §503 that the infringing recordings be impounded and destroyed

## COUNT III - UNFAIR COMPETITION

37     The plaintiffs incorporate by reference paragraphs 1 through 36 of this complaint as if fully realleged and restated herein

38     The defendants wrongful acts of unfair competition consist of utilizing the contents of the Subject Work for the specific purpose of copying, releasing and distributing the contents of the Subject Work

39     The defendants, by imitation or unfair device, have induced the general public to believe that they had the right to distribute the Subject Work

40     The defendants have received and obtained substantial gains, profits, advantages, and benefits which the plaintiff rightfully deserves, by reason of their wrongful acts of unfair competition

41     The defendants, by way of their wrongful acts of unfair competition, have appropriated to themselves the value of the reputation which the plaintiffs have acquired by way of their creation, production and publication of the Subject Work

7

42    A natural, probable and foreseeable consequence of the defendants wrongful acts of unfair competition resulted in substantial deception to the general public

43    The defendants wrongful acts constitute unfair competition under the laws of the State of Michigan

44    The plaintiffs are entitled to recover from the defendants the monetary damages suffered by them as a result of defendants wrongful acts of unfair competition

45    The plaintiffs are further entitled to recover from the defendants, the gains, profits, advantages and benefits they have received and obtained as a result of the wrongful acts of unfair competition

46    The defendants have acted intentionally, recklessly, willfully, and in bad faith, and the plaintiffs are therefore entitled to exemplary damages by reason of the defendants wrongful acts of unfair competition

### COUNT IV - UNJUST ENRICHMENT/QUANTUM MERUIT

47    The plaintiffs incorporate by reference paragraphs 1 through 46 of this complaint as if fully realleged and restated herein

48    The defendants have received and obtained substantial gains, profits, advantages and benefits from the utilization of the contents of the Subject Work by reason of the wrongful acts of infringement and other related unlawful acts

49    It is unequitable and unjust for the defendants to retain those gains, profits, advantages and benefits

8

50      The defendants have enriched themselves at the expense and detriment of the plaintiffs

51      The plaintiffs are entitled to receive and obtain from the defendants the reasonable value of the contents of the Subject Work which the defendants wrongfully utilized in their release and distribution of the Subject Work

## PRAYER FOR RELIEF

Wherefore, the plaintiffs, F B T  Productions, LLC and Eight Mile Style Style, LLC, respectfully pray that this Court enter a final judgment in their favor and against the defendants, jointly and severally, as follows

A       That the defendants be required to account to this Court and the plaintiffs for all sales, income, gains, profits, advantages and benefits derived from the wrongful acts of copyright infringement and other related unlawful acts

B       That the defendants be required to account to this Court and the plaintiffs for all sales, income, gains, profits, advantages and benefits derived from the wrongful acts of unfair competition and other related unlawful acts

C       That the defendants be required to account to this Court and the plaintiffs for all sales, income, gains, profits, advantages and benefits resulting in their unjust enrichment at the expense and detriment of the plaintiffs

D       That a final judgment be entered by this Court in favor of the plaintiffs and against the defendants, jointly and severally, for the plaintiff's actual damages according to the proofs, and for any gains, profits, advantages and benefits attributable to the defendants wrongful acts of the plaintiffs copyrights, and other related unlawful acts

E       That all of the gains, profits, advantages, and benefits received and obtained by the defendants from their wrongful acts of infringement and other related unlawful acts be deemed to be held in constructive trust for the benefit of the plaintiffs

F       That, alternatively, if the plaintiffs so elect under §504 of the Copyright

LAW OFFICES HERTZ, SCHRAM & SARETSKY  P C

Act, a final judgment be entered by this Honorable Court in favor of the plaintiffs and against the defendants, jointly and severally, for statutory damages in the amount of $150,000 per infringement, based upon the defendants willful wrongful acts of infringement, pursuant to the Copyright Act of 1976, 17 U S C §§101, et seq , and other related unlawful acts

G   That this Court enter a final judgment in favor of the plaintiffs and against the defendants, jointly and severally, for an award of punitive or exemplary damages, by reason of the defendants bad faith and their willful, intentional and deliberate conduct

H   That this Court enter a final judgment in favor of the plaintiffs and against the defendants, jointly and severally, for an award of costs and attorney fees, pursuant to §505 of the Copyright Act, as determined by this Court

I   That this Court issue injunctive relief against defendants, and that defendants be enjoined from selling, distributing, marketing or otherwise make available to the public the Subject Work

J   That plaintiffs be awarded such other relief as this Honorable Court deems equitable, reasonable and just

Respectfully submitted,

HERTZ, SCHRAM & SARETSKY, P C

By _____

Howard Hertz (P26653)
Eric A Michaels (P57114)
Attorney for Plaintiffs
1760 South Telegraph Road, Suite 300
Bloomfield Hills, Michigan 48302
(248) 335-5000

Dated  June 15, 2000

## DEMAND FOR TRIAL BY JURY

Now come the plaintiffs, F B T Productions, LLC and Eight Mile Style, LLC, by and through their attorneys, Hertz, Schram & Saretsky, P C , and hereby make their

10

formal demand for a trial by jury of the factual issues in dispute within this cause of action

Respectfully submitted,

HERTZ, SCHRAM & SARETSKY, P C

By _____

Howard Hertz (P26653)
Eric A Michaels (P57114)
Attorney for Plaintiffs
1760 South Telegraph Road, Suite 300
Bloomfield Hills, Michigan 48302
(248) 335-5000

Dated June 15, 2000

S \Staff\Bennett, Mary\EAM\FBT\complaint wpd

LAW OFFICES HERTZ, SCHRAM & SARETSKY, P C

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED