UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F.B.T. PRODUCTIONS, LLC AND
EIGHT MILE STYLE, LLC,

    Plaintiffs,

vs.

EMusic.com and GAME RECORDING,

    Defendants.
_____/

Case No. 00-CV-72730

Hon. John Corbett O'Meara

Magistrate Judge Virginia Morgan

### NOTICE OF HEARING

TO:   Howard Hertz, Esq.
       Eric A. Michaels, Esq.
       Hertz, Schram & Saretsky, PC
       1760 S. Telegraph Rd. #300
       Bloomfield Hills, Michigan 48302-00183



PLEASE TAKE NOTICE that Defendant eMusic.com's Motion to Dismiss will be brought before the Honorable John Corbett O'Meara, in his courtroom, on a date and time to be determined by the Court.

                                       Respectfully submitted,

                                       *[signature]*

                                       MATTHEW J. LUND (P48632)
                                       Pepper Hamilton LLP
                                       100 Renaissance Center, 36th Floor
                                       Detroit, Michigan 48243
                                       (313) 393-7370

                                       DAVID DOLKAS
                                       L. SCOTT OLIVER
                                       Gray, Cary, Ware & Freidenrich LLP
                                       3340 Hillview Avenue
                                       Palo Alto, California 94304-1203

                                       Attorneys for Defendant eMusic.com



Dated: August 23, 2000
DT: #145861 v1 (34JP01!.WPD) 999922-2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F.B.T. PRODUCTIONS, LLC AND
EIGHT MILE STYLE, LLC,

        Plaintiffs,                        Case No. 00-CV-72730

vs.                                     Hon. John Corbett O'Meara

EMusic.com and GAME RECORDING,      Magistrate Judge Virginia Morgan

        Defendants.
_____/

## DEFENDANT EMUSIC.COM'S MOTION TO DISMISS

Defendant, eMusic.com, by its attorneys, Gray, Cary, Ware & Freidenrich LLP and Pepper Hamilton LLP, respectfully move this Court, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Plaintiffs' Complaint in its entirety, for the reason that it fails to state a claim upon which relief can be granted. In support of this Motion, Defendant eMusic.com respectfully refers the Court to the Brief in Support filed herewith.

Concurrence in this Motion was sought, but not obtained, on August 23, 2000, hence making it necessary to bring this Motion.

WHEREFORE, Defendant eMusic.com respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiffs' action in its entirety.

Respectfully submitted,

*[signature]*

MATTHEW J. LUND (P48632)
Pepper Hamilton LLP
100 Renaissance Center, 36th Floor
Detroit, Michigan 48243
(313) 393-7370

DAVID DOLKAS
L. SCOTT OLIVER
Gray, Cary, Ware & Freidenrich LLP
3340 Hillview Avenue
Palo Alto, California 94304-1203

Attorneys for Defendant eMusic.com

Dated: August 23, 2000
DT: #145859 v1 (34JN011.WPD) 999922-2006

-2-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F.B.T. PRODUCTIONS, LLC AND
EIGHT MILE STYLE, LLC,

        Plaintiffs,                   Case No. 00-CV-72730

vs.                                      Hon. John Corbett O'Meara

EMusic.com and GAME RECORDING,       Magistrate Judge Virginia Morgan

        Defendants.
_____/

## BRIEF IN SUPPORT OF DEFENDANT EMUSIC.COM'S MOTION TO DISMISS

Defendant, eMusic.com, by its attorneys, Gray, Cary, Ware and Freidenrich LLP and Pepper Hamilton LLP, submits the following Brief in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

### I. ISSUES PRESENTED

> Whether Counts I and II of Plaintiffs' Complaint alleging copyright infringement should be dismissed when such claims do not meet the threshold pleading requirements for copyright infringement because registration is not properly pled.

> Whether Counts III and IV of the Complaint, alleging unfair competition and unjust enrichment/*quantum meruit* should be dismissed as such common law claims are preempted by operation of the Copyright Act of 1976.

### II. CONTROLLING AUTHORITIES

#### CASES

*Aqua Bay Concepts, Inc. v. Grosse Pointe Board of Realtors*, 1992 WL 350275 (E.D. Mich. May 7, 1992)

*Artie Fields Productions, Inc. v. Channel 7 of Detroit, Inc.*, 1994 WL 559331 (E.D. Mich. June 10, 1994)

*DiMaggio v. International Sports Ltd.*, 1998 WL 549690 (S.D. N.Y. Aug. 31, 1998)

*Kelly v. L. L. Cool J.*, 145 F.R.D. 32 (S.D. N.Y. 1992)

*Kregos v. The Associated Press*, 3 F.3d 656 (2d Cir. 1993)

*Meyer v. Giles*, 1992 WL 489770 (W.D. Mich. Nov. 30, 1992)

*Murray Hill Publications, Inc. v. ABC Communications, Inc.* 67 F. Supp. 2d 754 (E.D. Mich. 1999)

*P.I.T.S. Films v. Laconis*, 588 F. Supp. 1383 (E.D. Mich. 1984)

*Rainey v. Wayne State University*, 26 F. Supp. 2d 963 (E.D. Mich. 1998)

*Reid v. ASCAP*, 1994 WL 3409 (S.D. N.Y. Jan. 5, 1994)

## STATUTES

17 U.S.C. § 301

17 U.S.C. § 411

### III. INTRODUCTION

Plaintiffs' Complaint asserts claims against eMusic.com grounded in both the Copyright Act of 1976 (the "Copyright Act") and common law. Plaintiffs claim that eMusic.com violated their exclusive rights in certain compositions and recordings of the artist Eminem by selling those recordings on the eMusic.com website. Plaintiffs allege that such conduct gives rise to claims for injunctive relief and damages under the Copyright Act, as well as claims of unfair competition and unjust enrichment/*quantum meruit* under state law. Because Plaintiffs have failed to allege registration of the copyrights in any of the works at issue, thus not meeting the threshold pleading requirements for claims under the Copyright Act, and because Plaintiffs' state law causes of action are preempted by the Copyright Act, Plaintiffs' Complaint should be dismissed in its entirety.

## IV. STATEMENT OF FACTS

Each Plaintiff claims to have exclusive rights in works performed by the artist professionally known as Eminem. Plaintiff F.B.T. Productions, LLC ("FBT") claims to hold "exclusive rights to Eminem's recording services" (Plaintiffs' Complaint at ¶ 10). Plaintiff Eight Mile Style, LLC ("Eight Mile Style") claims to have "exclusive rights to Eminem's song writing services and the exclusive right to license the underlying compositions." *Id.* at ¶ 11.

eMusic.com provides downloadable music for sale over its website. The Complaint alleges that eMusic.com released a compilation compact disc entitled "eMusic: The Extreme Collection," which includes two songs allegedly written in part and performed by Eminem. *Id.* at ¶¶ 12 and 13.

Upon these factual allegations, Plaintiffs claim that eMusic.com violated Plaintiffs' rights under the Copyright Act. Specifically, Count I alleges that eMusic.com violated FBT's exclusive rights in Eminem's recording services. *Id.* at ¶20. Count II alleges that eMusic.com violated Eight Mile Style's copyright in the writings and underlying compositions. Id. at ¶30. Counts III and IV allege unfair competition and unjust enrichment/*quantum meruit*, respectively. The alleged copyrights referenced in Counts I and II are not identified with particularity, and the Complaint does not allege registration of the copyrights in any of the works at issue.

## V. ARGUMENT

### A. Standard of Review

A motion pursuant to Fed. R. Civ. P. 12(b)(6) should be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)(quoting *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957)). In analyzing a Rule 12(b)(6) motion, courts must accept the factual allegations in the complaint as true. *Id.* "Thus, a 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief." *Id.*

### B. Plaintiffs' Copyright Claims Should Be Dismissed for Failure to Allege Registration of the Works At Issue

Plaintiffs' claims under the Copyright Act should be dismissed because Plaintiffs have not alleged registration and, therefore, have not met the threshold pleading requirements of a claim for copyright infringement. In order to bring suit under the Copyright Act, a plaintiff must have registered the work at issue with the U.S. Copyright Office. 17 U.S.C. § 411(a); *Murray Hill Publications, Inc. v. ABC Communications, Inc.* 67 F. Supp. 2d 754, 758 (E.D. Mich. 1999); *Kelly v. L. L. Cool J.*, 145 F.R.D. 32, 36-37 (S.D. N.Y. 1992).

> A properly plead copyright infringement claim must allege 1) which specific works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) *that the copyrights have been registered in accordance with the statute*, and 4) by what acts during what time the defendant infringed the copyright.

*Kelly*, 145 F.R.D. at 36 (emphasis added). Unless the copyrights at issue have been registered, this Court lacks jurisdiction over Plaintiffs' infringement claims. *Id.*

Plaintiffs' failure to plead registration renders their Complaint defective and requires the dismissal of their copyright claims. *See DiMaggio v. International Sports Ltd.*, 1998 WL 549690 at *1-2 (S.D. N.Y. Aug. 31, 1998) (dismissing complaint for failure to plead registration of work at issue)(attached as Exhibit A); *Reid v. ASCAP*, 1994 WL 3409 at *2-3 (S.D. N.Y. Jan. 5, 1994) (dismissing complaint, in part, for failure to plead registration)(attached as Exhibit B); *Kelly*, 145 F.R.D. at 36-37 (holding complaint defective and incapable of reasonable response where no

registration pled), *aff'd without opinion*, 23 F.3d 398 (2d Cir. 1994). Therefore, this Court should dismiss Plaintiffs' copyright claims pursuant to Fed. R. Civ. P. 12(b)(6).[1]

### C. Plaintiffs' State Law Claims Are Preempted by the Copyright Act

Plaintiffs' state law claims of unfair competition and unjust enrichment/*quantum meruit* are based upon the same alleged conduct as their copyright claims. As a result, these claims must be dismissed because they are preempted by the Copyright Act.

The Copyright Act explicitly preempts state law causes of action that conflict with or duplicate the protections of federal copyright law. 17 U.S.C. § 301.[3] Courts apply a two-step analysis to determine whether the Copyright Act preempts state claims. *See Rainey v. Wayne State University*, 26 F. Supp. 2d 963, 967 (E.D. Mich. 1998). First, the court must determine whether the state claims apply to "works within the exclusive scope of the copyright laws." *See id.* In this case,

---

[1] Plaintiffs' copyright claims are also defective because they have failed to plead with particularity that they *own* the copyrights in the sound recordings at issue. *See Kelley*, 145 F.R.D. at 36-37. The Complaint only alleges that Plaintiffs hold all rights, title and interest in "Eminem's recording services" (Complaint at ¶20) and "Eminem's songwriting services" (*Id.* at ¶29). The Complaint does not allege that Plaintiffs hold exclusive rights to the sound recordings purportedly at issue in this litigation. Significantly, the alleged sale of the sound recordings is the conduct upon which Plaintiffs base their claims in this lawsuit. This deficiency provides another basis for dismissing Plaintiff's copyright claims.

[3] Section 301(a) of the Copyright Act provides:
> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).

-5-

the works at issue are sound recordings, which are within the exclusive protection of the Copyright Act. *See* 17 U.S.C. § 102(a)(2) (protecting musical works); 17 U.S.C. § 102(a)(7)(protecting sound recordings). There can be no dispute that the first element of the preemption analysis is met.

The second element of the preemption analysis involves whether Plaintiffs' "state law claims seek to vindicate the equivalent rights which federal copyright laws protect." *Rainey*, 26 F. Supp. 2d at 968. The pertinent analysis of this element looks to whether the state law claim "requires proof of an 'extra element' in addition to the acts of reproduction, performance distribution or display..." *Id.* Preemption is not appropriate if:

> [A]n "extra element" is "required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action," then[,] the right does not lie 'within the general scope of copyright.' A state law claim is not preempted if the "extra element" changes the nature of the action so that it is qualitatively different from a copyright infringement claim."

*Kregos v. The Associated Press*, 3 F.3d 656, 666 (2d Cir. 1993) (quoting *Computer Assocs. Int'l v. Altai, Inc.*, 982 F. 2d 693, 716 (2d Cir. 1993) (citations omitted)). *See also Rainey*, 26 F. Supp. 2d at 967-68 ("In other words, where the state law claim requires proof beyond mere reproduction and the like, it is not the equivalent of a copyright claim, and is not preempted."). In this case, Plaintiffs' state law claims of unfair competition and unjust enrichment are based solely upon eMusic.com's alleged "copying, releasing and distributing" of the sound recordings at issue. *See* Complaint at ¶¶ 38-46, 47-51. Through these state law claims, Plaintiffs seek to vindicate rights protected exclusively by the Copyright Act.

Plaintiffs' unjust enrichment/*quantum meruit* claim asserts that eMusic.com benefited from infringing Plaintiffs' alleged copyright. This claim does not require proof of any "extra

-6-

element" beyond those required to show copyright infringement. *See Rainey*, 26 F. Supp. 2d at 969-70 (dismissing unjust enrichment claim as preempted by Copyright Act). As courts have routinely held in these circumstances, Plaintiff's unjust enrichment claim must be dismissed. *See e.g. Murray Hill Publications v. ABC Communications, Inc.*, 67 F. Supp. 2d 754, 762 (E. D. Mich. 1999); *P.I.T.S. Films v. Laconis*, 588 F. Supp. 1383 (E.D. Mich. 1984).

It is also clear that Plaintiffs' unfair competition claim is preempted by the Copyright Act. Plaintiffs' allegations of unfair competition do not go beyond claims that eMusic.com improperly distributed the sound recordings at issue -- rights which are explicitly protected by the Copyright Act. *See e.g.* Plaintiff's Complaint at ¶38 ("The defendant's wrongful acts of unfair competition consist of utilizing the contents of the Subject Work for the specific purpose of copying, releasing and distributing the contents of the Subject Work."). Therefore, Plaintiffs' unfair competition claim is equivalent to their copyright claims and does not require any "extra element" of proof. Under identical circumstances, courts have dismissed unfair competition claims as preempted by the Copyright Act. *See, e.g., Kregos v. The Associated Press*, 3 F.3d 656, 666 (2d Cir. 1993); *Murray Hill*, 67 F. Supp. 2d at 763; *Artie Fields Productions, Inc. v. Channel 7 of Detroit, Inc.*, 1994 WL 559331 (E.D. Mich. June 10, 1994)(attached as Exhibit C); *Aqua Bay Concepts, Inc. v. Grosse Pointe Board of Realtors*, 1992 WL 350275 (E.D. Mich. May 7, 1992)(attached as Exhibit D); *Meyer v. Giles*, 1992 WL 489770 (W.D. Mich. Nov. 30, 1992)(attached as Exhibit E).

## VI. CONCLUSION

In light of the above authority, it is indisputable that Plaintiffs' state law claims must be dismissed because they are preempted by the Copyright Act. In addition, Plaintiffs' copyright claims must be dismissed because Plaintiffs have failed to properly plead registration and ownership. For all the foregoing reasons, eMusic.com respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety.

Respectfully submitted,

*/s/ Matthew J. Lund*

MATTHEW J. LUND (P48632)
Pepper Hamilton LLP
100 Renaissance Center, 36th Floor
Detroit, Michigan 48243
(313) 393-7370

DAVID DOLKAS
L. SCOTT OLIVER
Gray, Cary, Ware & Freidenrich LLP
3340 Hillview Avenue
Palo Alto, California 94304-1203

Attorneys for Defendant eMusic.com

Dated: August 23, 2000
DT: #145663 v1 34#701!.WPD 999922-2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F.B.T. PRODUCTIONS, LLC AND
EIGHT MILE STYLE, LLC,

        Plaintiffs,

vs.

EMusic.com and GAME RECORDING,

        Defendants.
_____/

Case No. 00-72730

Hon. John Corbett O'Meara

Magistrate Judge Morgan

**PROOF OF SERVICE**

STATE OF MICHIGAN )
                         ) SS
COUNTY OF WAYNE )

        CAROL M. MORLEY, being first duly sworn, deposes and says that she is employed by Pepper Hamilton LLP; that on August 23, 2000 she caused to be served *Defendant eMusic.com's Motion to Dismiss, Brief in Support, Appearance, Notice of Appearance, and Notice of Hearing*, via fascimile and U.S. Mail, upon the following:

> Howard Hertz
> Eric A. Michaels
> Hertz, Schram & Saretsky, P.C.
> 1760 South Telegraph Road, Suite 300
> Bloomfield Hills, Michigan 48302

*[signature]*
CAROL M. MORLEY
Pepper Hamilton LLP
100 Renaissance Center, Suite 3600
Detroit, Michigan 48243-1157
(313) 259-7110

Subscribed to and sworn to before
me this 23rd day of August, 2000

*[signature]*
Notary Public

DONNA M. MERLOTTI
NOTARY PUBLIC MACOMB CO., MI
MY COMMISSION EXPIRES JULY 13, 2003
ACTING IN WAYNE COUNTY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED