UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F.B.T. PRODUCTIONS, LLC and
EIGHT MILE STYLE, LLC,

        Plaintiffs,

v.

EMusic.com and GAME
RECORDING,

        Defendants.
_____/

Case No. 00-72730

Hon. John Corbett O'Meara

Hertz, Schram & Saretsky, P.C.
By:   Howard Hertz (P26653)
       Eric A. Michaels (P57114)
Attorney for Plaintiffs
1760 South Telegraph Road, Suite 300
Bloomfield Hills, Michigan 48302
(248) 335-5000

Pepper Hamilton, LLP
By:   Matthew J. Lund (P48632)
Attorney for Defendant EMusic.com
100 Renaissance Center
36th Floor
Detroit, Michigan 48243
(313) 393-7370
_____/

## FIRST AMENDED COMPLAINT AND
## DEMAND FOR TRIAL BY JURY

Now come the plaintiffs, F.B.T. Productions, LLC ("F.B.T.") and Eight Mile Style,

LLC ("Eight Mile Style"), by and through their attorneys, Hertz, Schram & Saretsky,

P.C., and for their first amended complaint against the above-named defendants, state

as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is premised upon diversity of citizenship, 28 U.S.C. §1332, and the amount in controversy exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest and costs. The copyright claims which are alleged against defendant Game Recording only, also arise under the Copyright Act of 1976, 17 U.S.C. §§101 et. seq.

2. Venue is proper pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1400.

## PARTIES

3. F.B.T. is a Michigan limited liability company with its principal place of business in the State of Michigan.

4. Eight Mile Style is a Michigan limited liability company with its principal place of business in the State of Michigan.

5. The defendant, Emusic.com, is, and was at all pertinent times, a Delaware corporation with its principal place of business in the State of California.

6. The defendant, Game Recording, is, and was at all pertinent times, a New York corporation with its principal place of business in the State of New York.

## BACKGROUND AND FACTS

7. F.B.T. and Eight Mile Style are engaged in the business of creating, composing, producing, distributing, publishing and marketing music.

8. Both F.B.T. and Eight Mile Style have legally enforceable agreements with Marshall Bruce Mathers, III, p/k/a Eminem ("Eminem") granting them his exclusive

2

services.

9. F.B.T. has an exclusive artist recording agreement ("Recording Agreement") with Eminem, granting it the exclusive rights to Eminem's recording services.

10. Eight Mile Style has an exclusive songwriting agreement ("Songwriting Agreement') with Eminem, granting it the exclusive rights to Eminem's songwriting services and the exclusive right to license the underlying compositions.

11. Emusic.com, an internet website providing digital audio transmissions and music downloads for sale, has released a compilation compact disc entitled "E Music: The Extreme Collection" (the "Collection") on its website. See printed copy of relevant web page attached as Exhibit "1".

12. Two master recordings included on the Collection: (1) "Nuttin' To Do - Bad Meets Evil" and (2) "Trife Thieves - Bazaar" (the "Subject Work") were both written in part by Eminem and contain the performance of Eminem.

13. Neither F.B.T. nor Eight Mile Style granted Emusic.com the right to release or sell the recordings or compositions of Eminem and Emusic.com does not have the contractual right to do so.

14. No license has been granted by F.B.T. or Eight Mile Style to Emusic.com with respect to the recordings or underlying compositions.

15. Plaintiffs forwarded Emusic.com a cease and desist letter on March 8, 2000 advising it of their contractual rights with Eminem. See letter attached as Exhibit "2". Despite the letter and knowledge of the contractual relationships between Eminem

3

and F.B.T./Eight Mile Style, Emusic.com continued to market, distribute, and sell copies of the Collection.

16. By releasing recordings by Eminem without F.B.T.'s or Eight Mile Style's consent, Emusic.com is improperly and intentionally interfering with F.B.T.'s and Eight Mile Style's contractual relationship with Eminem.

17. Copyright certificates have not been received by plaintiffs concerning the Subject Work. Plaintiffs, however, are not seeking to enforce their rights under the Copyright Act (17 U.S.C. §301) against Emusic.com, at this time, but rather seek to enforce their rights under their respective contracts with Eminem. Plaintiffs seek to enforce their rights under the Copyright Act (17 U.S.C. §301) against Game Recording (as well as for any other legal remedy available) as its conduct is in violation of the Copyright Act including but not limited to 17 U.S.C. §§ 106, 114 and 115.

18. Emusic.com claims to rely upon a third party license granted by Game Recording. See letter and license agreement attached as Exhibit "3". This reliance is misplaced and wrong as Game Recording does not have, and never had, the right to grant any such license. Game Recording is aware of plaintiffs' contractual relationships with Eminem and has improperly and intentionally induced Emusic.com to interfere with those relationships.

19. Even if Game Recording believes that it owns the master recording copyrights (as between F.B.T. and Game Recording) it is only licensed to release any recordings by Eminem as are consented to by F.B.T. which has an exclusive artist agreement with Eminem. As explained above, F.B.T. has granted no such license.

4

## COUNT I - TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS

### (against defendant Emusic.com only)

20. The plaintiffs incorporate by reference paragraphs 1 through 19 of this complaint as if fully realleged and restated herein.

21. F.B.T and Eight Mile Style both have express contracts with Eminem regarding both his recording services and songwriting services, respectively. These contracts include the exclusive right to use Eminem's name and vocal performances on recordings.

22. Defendant Emusic.com knew of the contracts as early as March 8, 2000, if not earlier, by virtue of the notice sent by plaintiffs. See Exhibit "2".

23. Despite this knowledge, Emusic.com intentionally and improperly interfered with F.B.T.'s and Eight Mile Style's contracts with Eminem by releasing, selling, distributing and otherwise disseminating the Subject Work, i.e. recordings containing the performance of Eminem, or by authorizing others to sell, distribute or otherwise disseminate the Subject Work and by using Eminem's name and vocal performance.

24. Emusic.com's actions are in direct violation of F.B.T.'s and Eight Mile Style's exclusive rights under their contracts with Eminem.

25. F.B.T. and Eight Mile Style have suffered significant monetary damages as a result of this interference.

5

## COUNT II - TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

### (against defendant Emusic.com only)

26. The plaintiffs incorporate by reference paragraphs 1 through 25 of this complaint as if fully realleged and restated herein.

27. Plaintiffs enjoy valid business relationships with numerous production companies, publishers, record labels, producers, entertainers and other related recording industry companies across the country.

28. By virtue of their dealings with plaintiffs, correspondence between the parties, and general industry knowledge, Emusic.com was/is aware plaintiffs maintained these relationships with Eminem.

29. Emusic.com intentionally and maliciously interfered with plaintiffs' business relationships in numerous ways, including but not limited to damaging plaintiffs' reputation in the recording industry by interefering with plaintiffs' contracts with Eminem.

30. By their conduct, Emusic.com has caused, and will continue to cause plaintiffs to suffer significant monetary damages.

## COUNT III - COPYRIGHT INFRINGEMENT - RECORDING SERVICES

### (against defendant Game Recording only)

31. The plaintiffs incorporate by reference paragraphs 1 through 30 of this complaint as if fully realleged and restated herein.

32. F.B.T. is the owner of or otherwise licenses all rights, title, and interest

6

in Eminem's recording services.

33. Game Recording, by having released, sold, distributed and otherwise disseminated, including digital audio transmissions of, the Subject Work, i.e. recordings of Eminem, or by authorizing others to sell, distribute or otherwise disseminate the Subject Work, has infringed F.B.T.'s copyright in the recordings.

34. Infringing downloaded songs and digital audio transmissions were sold and continue to be sold throughout the world, including a substantial number of infringing copies which were sold and continue to be sold in the State of Michigan.

35. Game Recording's actions are in direct violation of F.B.T.'s exclusive rights under §§106 and 114 of the Copyright Act to do and to authorize others to do the following acts:

   A. To reproduce the copyrighted works in copies or phonorecords; and

   B. To distribute copies, phonorecords and digital audio transmissions of the copyrighted works to the public.

36. Game Recording has collected and will continue to collect income from selling the recordings throughout the United States and the world which rightfully belong to F.B.T.

37. Game Recording has collected and will continue to collect gains, profits, advantages and benefits which were derived from the wrongful acts of infringement and other related unlawful acts, but which rightfully belong to F.B.T.

38. As a result of the foregoing activity, Game Recording is liable to F.B.T. for willful copyright infringement. 17 U.S.C. §501.

39. F.B.T. has no adequate remedy at law for Game Recording's wrongful conduct in that (i) F.B.T.'s copyrights are unique and valuable property which have no readily determinable market value; (ii) the infringement by Game Recording constitutes an interference with F.B.T.'s goodwill and contractual relationships; and (iii) Game Recording's wrongful conduct, and the damages resulting to F.B.T. therefrom, is continuing. Game Recording's acts of copyright infringement have caused F.B.T. irreparable injury and Game Recording threatens to continue to commit these acts. Accordingly, F.B.T. is entitled to injunctive relief pursuant to 17 U.S.C. §502, and to an order under 17 U.S.C. §503 that the infringing recordings be impounded and destroyed.

## COUNT IV - COPYRIGHT INFRINGEMENT - WRITING SERVICES

### (against defendant Game Recording only)

40. The plaintiffs incorporate by reference paragraphs 1 through 39 of this complaint as if fully realleged and restated herein.

41. Eight Mile Style is an owner of and licenses all rights, title and interest in Eminem's songwriting services.

42. The Game Recording by having released, sold, distributed and otherwise disseminated the Subject Work, i.e, the compositions of Eminem or by authorizing others to sell, distribute or otherwise disseminate the compositions of Eminem, has infringed Eight Mile Style's copyright in the writings and underlying compositions.

43. Infringing downloaded songs and digital audio transmissions were sold and continue to be sold throughout the world, including a substantial number of

infringing copies which were sold and continue to be sold in the State of Michigan.

44. Game Recording's actions are in direct violation of Eight Mile Style's exclusive rights under §§106 and 115 of the Copyright Act to do and to authorize others to do the following acts:

> A. To reproduce the copyrighted works in copies or phonorecords; and
>
> B. To distribute copies, phonorecords or digital audio transmissions containing the copyrighted compositions to the public.

45. Game Recording has failed to obtain compulsory licenses for the sale of the Subject Work throughout the United States and the world.

46. Game Recording has collected and will continue to collect gains, profits, advantages and benefits which were derived from the wrongful acts of infringement and other related unlawful acts, but which rightfully belong to Eight Mile Style.

47. As a result of the foregoing activity, Game Recording is liable to Eight Mile Style for willful copyright infringement. 17 U.S.C. §501.

48. Eight Mile Style has no adequate remedy at law for Game Recording's wrongful conduct in that (i) Eight Mile Style's copyrights are unique and valuable property which have no readily determinable market value; (ii) the infringement by Game Recording constitutes an interference with Eight Mile Style's goodwill and contractual relationships; and (iii) Game Recording's wrongful conduct, and the damages resulting to Eight Mile Style therefrom, is continuing. Game Recording's acts of copyright infringement have caused Eight Mile Style irreparable injury and Game

9

Recording threatens to continue to commit these acts. Accordingly, Eight Mile Style is entitled to injunctive relief pursuant to 17 U.S.C. §502, and to an order under 17 U.S.C. §503 that the infringing recordings be impounded and destroyed.

## COUNT V - UNFAIR COMPETITION

### (against defendants Emusic.com and Game Recording)

49. The plaintiffs incorporate by reference paragraphs 1 through 48 of this complaint as if fully realleged and restated herein.

50. The defendants' wrongful acts of unfair competition through intentionally interfering with F.B.T.'s and Eight Mile Style's contracts consist of utilizing the contents of the Subject Work for the specific purpose of copying, releasing and distributing the contents of the Subject Work.

51. The defendants, by imitation or unfair device, have intentionally and improperly induced the general public to believe that they had the right to distribute the Subject Work when they have improperly interfered with existing contractual relationships and plaintiffs' exclusive right to use Eminem's name and vocal performances or recordings.

52. The defendants have received and obtained substantial gains, profits, advantages, and benefits which the plaintiff rightfully deserves, by reason of their wrongful acts of unfair competition.

53. The defendants wrongful acts constitute unfair competition under the laws of the State of Michigan.

54. The plaintiffs are entitled to recover from the defendants the monetary

damages suffered by them as a result of defendants wrongful acts of unfair competition by virtue of interference with plaintiffs contractual relationship.

55. The plaintiffs are further entitled to recover from the defendants, the gains, profits, advantages and benefits defendants have received and obtained as a result of the wrongful acts of unfair competition.

### COUNT VI - UNJUST ENRICHMENT/QUANTUM MERUIT

### (against defendants Emusic.com and Game Recording)

56. The plaintiffs incorporate by reference paragraphs 1 through 55 of this complaint as if fully realleged and restated herein.

57. The defendants have received and obtained substantial gains, profits, advantages and benefits from the utilization of the contents of the Subject Work by reason of the tortious acts of interference with plaintiffs' contracts and business relationships and other related unlawful acts.

58. It is unequitable and unjust for the defendants to retain those gains, profits, advantages and benefits.

59. The defendants have enriched themselves at the expense and detriment of the plaintiffs.

60. The plaintiffs are entitled to receive and obtain from the defendants the reasonable value of the contents of the Subject Work which the defendants wrongfully utilized in their release and distribution of the Subject Work.

## COUNT VII - MICHIGAN CONSUMER PROTECTION ACT - MCLA 445.901 et seq

### (against defendant Emusic.com only)

61. The plaintiffs incorporate by reference paragraphs 1 through 60 of this complaint as if fully realleged and restated herein.

62. Emusic.com conducts "trade and commerce"as defined under the Michigan Consumer Protection Act ("MCPA"), MCLA 445.901 et seq. as a business providing goods and services through its internet sale and distribution of sound recordings.

63. Emusic.com's sale and distribution of the Subject Work is in violation of the MCPA by (1) causing confusion or misunderstanding as to the source, sponsorship, approval or certification of the Subject Work, (2) failing to reveal material facts, the omission of which tends to mislead or deceive its customers, and which could not be reasonably known by consumers, (3) making representations of fact which are false. The defendants, by imitation or unfair device, have intentionally and improperly induced the general public to believe that they had the right to distribute the Subject Work when they have improperly interfered with existing contractual relationships and plaintiffs' exclusive right to use Eminem's name and vocal performances or recordings.

64. As a result of Emusic.com's wrongful conduct, plaintiffs have been damaged.

### PRAYER FOR RELIEF

Wherefore, the plaintiffs, F.B.T. Productions, LLC and Eight Mile Style, LLC, respectfully pray that this Court enter a final judgment in their favor and against the

defendants, jointly and severally, as follows:

- A. That defendant Emusic.com be required to account to this Court and the plaintiffs for all sales, income, gains, profits, advantages and benefits derived from the tortious interference with contractual relationships with business relationships and other wrongful acts.

- B. That the defendants be required to account to this Court and the plaintiffs for all sales, income, gains, profits, advantages and benefits derived from the wrongful acts of unfair competition and other related unlawful acts.

- C. That the defendants be required to account to this Court and the plaintiffs for all sales, income, gains, profits, advantages and benefits resulting in their unjust enrichment at the expense and detriment of the plaintiffs.

- D. That a final judgment be entered by this Court in favor of the plaintiffs and against the defendants, jointly and severally, for the plaintiff's actual damages according to the proofs, and for any gains, profits, advantages and benefits attributable to the defendants wrongful acts. .

- E. That all of the gains, profits, advantages, and benefits received and obtained by the defendants from their wrongful acts be deemed to be held in constructive trust for the benefit of the plaintiffs.

- F. That this Court enter a final judgment in favor of the plaintiffs and against the defendants, jointly and severally, for an award of punitive or exemplary damages, by reason of the defendants bad faith and their willful, intentional and deliberate conduct.

- G. That this Court issue injunctive relief against defendants, and that defendants be enjoined from selling, distributing, marketing or otherwise making available to the public the Subject Work.

- H. That plaintiffs be awarded such other relief as this Honorable Court

deems equitable, reasonable and just.

Respectfully submitted,

HERTZ, SCHRAM & SARETSKY, P.C.

By: _____
Howard Hertz (P26653)
Eric A. Michaels (P57114)
Attorney for Plaintiffs
1760 South Telegraph Road, Suite 300
Bloomfield Hills, Michigan 48302
(248) 335-5000

Dated: December 26, 2000

## DEMAND FOR TRIAL BY JURY

Now come the plaintiffs, F.B.T. Productions, LLC and Eight Mile Style, LLC, by and through their attorneys, Hertz, Schram & Saretsky, P.C., and hereby make their formal demand for a trial by jury of the factual issues in dispute within this cause of action.

Respectfully submitted,

HERTZ, SCHRAM & SARETSKY, P.C.

By: _____
Howard Hertz (P26653)
Eric A. Michaels (P57114)
Attorney for Plaintiffs
1760 South Telegraph Road, Suite 300
Bloomfield Hills, Michigan 48302
(248) 335-5000

Dated: December 26, 2000
S:\Staff\Bennett, Mary\EAM\FBT\amendedcomplaint.wpd

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED